## CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY v. INTERSTATE CONTRACTING COMPANY.[1]

December 14, 1934.

No. 30,101.

G. H. *Smith* and V. J. *Hermel,* for appellant.

F. W. *Root,* C. O. *Newcomb,* and A. C. *Erdall,* for respondent.

LORING, JUSTICE.

This action was brought to recover demurrage charges on certain cars of sand and gravel shipped from Winona to Varco and there held over the free time limit by the defendant. The trial court found that the defendant was liable for demurrage at the rate of two dollars per day per car under the rules of the National Demurrage Tariff in effect in this state unless the provisions of L. 1907, c. 23, § 7, are effective in so far as intrastate commerce is concerned. The tariff of two dollars per day on cars of the character

[1]Reported in 257 N. W. 811.

here involved has been duly filed with and approved by the Minnesota railroad and warehouse commission and must be conceded to be in effect unless contrary to the statute cited.

In the case of Hardwick F. E. Co. v. C. R. I. & P. Ry. Co. 110 Minn. 25, 124 N. W. 819, 19 Ann. Cas. 1088, this court held with reference to § 1 of the demurrage act of 1907 that the act applied to interstate and intrastate commerce, and the Supreme Court of the United States later held that it was unconstitutional in so far as it applied to interstate commerce, C. R. I. & P. Ry. Co. v. Hardwick F. E. Co. 226 U. S. 426, 33 S. Ct. 174, 57 L. ed. 284, 46 L.R.A. (N.S.) 203. Having held that § 1 of the act was intended to be applicable to both interstate and intrastate commerce, it is equally clear that § 7 was intended by the legislature to apply to both classes of commerce.

In the absence of a showing that interstate commerce is affected by the low demurrage charges on intrastate cars, the fact that the statute is invalid as applied to interstate commerce would not necessarily justify us in declaring the remainder of the act void as applied to intrastate commerce unless the provisions in regard to both classes of commerce are so connected that it cannot be presumed that the legislature would have passed the one without the other. We are of the opinion that in this case the two subjects are so connected, and consequently that the entire act is void. Quite obviously, when business conditions are such as to tax the capacity of railroad equipment, a low demurrage charge such as that of one dollar a day per car provided in the Minnesota act would have a tendency to deprive the railroad and the public of cars required to move interstate traffic; while under other business conditions such as those existing at the present time it is equally obvious that the lower demurrage charge would probably have no effect whatever upon the supply of cars for interstate commerce, and hence the validity of the intrastate charge would always depend upon questions of fact. That being so, we cannot conceive of a legislative intent to make the validity of the intrastate demurrage charge dependent upon business conditions. It was doubtless the legislative intent to make the charge uniform upon interstate and intra-

state traffic, and the legislature assumed that it had a right to do so. To do otherwise would lead to an absurd result.

Having determined that the Minnesota act is void in its entirety, the other questions raised by the appeal need not be here discussed.

The order denying defendant's motion for a new trial is affirmed.